UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BEULAH O. WARNER,

              Plaintiff,

      v.

BABY GREEN CORP., *et al.*,

          Defendants.

**MEMORANDUM & ORDER**
25-CV-06731 (HG) (VMS)

**HECTOR GONZALEZ**, United States District Judge:

On December 4, 2025, *pro se* Plaintiff Beulah O. Warner filed this action against twelve defendants, alleging that state court holdover eviction proceedings violated her constitutional rights.  *See* ECF No. 1 (Complaint).[1]  Plaintiff's application to proceed *in forma pauperis* is granted.  *See* ECF No. 2 (IFP Motion).  However, for the reasons stated below, Plaintiff's complaint is dismissed for lack of subject matter jurisdiction.

**BACKGROUND**[2]

Plaintiff alleges that she is the "lawful owner" of the property located at 1025 East 103 Street in Brooklyn (the "Property").  *See* ECF No. 1 at 1, 3–4.  The Property was the subject of holdover eviction proceedings[3] in which a default judgment was entered against Plaintiff on

---

[1]    Unless otherwise indicated, when quoting cases and Plaintiff's Complaint, the Court omits all internal quotation marks, alteration marks, emphases, footnotes, and citations.  The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

[2]    The Court "recite[s] the substance of the allegations as if they represented true facts, with the understanding that these are not findings of the [C]ourt, as [I] have no way of knowing at this stage what are the true facts."  *In re Hain Celestial Grp., Inc. Sec. Litig.*, 20 F.4th 131, 133 (2d Cir. 2021).

[3]    *See Baby Green Corp. v. Wiss C. Gabriel et al.*, Index No. LT-308050-23/KI (reopened under Index No. LT-332844-24/KI) (the "Eviction Proceedings").

October 15, 2023, and an eviction notice was issued on December 2, 2025. *See id.* at 3–4, 6, 23. Plaintiff alleges that her constitutional rights have been violated by the judges in the eviction proceedings and by the banks, attorneys, and private individuals who have pursued acquisition, ownership, and eviction of her property. *See id.* at 5–7. She seeks to, *inter alia*: (i) vacate the default judgment; (ii) enforce "Plaintiff's UCC lien"; (iii) "order full restoration of property to Plaintiff's possession (or payment of its full fair market value plus all sums paid) and enjoin defendants from further unlawful repossession, Lees [sic], or other actions without proper notice and due process"; and (iv) obtain damages. *See id.* at 8.

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in a complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

A *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally"). Nonetheless, a district court is required to dismiss a case if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from

such relief."  28 U.S.C. § 1915(e)(2)(B).  "If the court determines at any time that it lacks

subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

### I.    *Rooker-Feldman* **Doctrine**

Plaintiff's attempt to challenge the Eviction Proceedings is barred by the *Rooker-*

*Feldman* doctrine, which precludes federal district courts from reviewing state court final orders

and judgments.  *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005);

*see also Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 644 n.3 (2002) ("28

U.S.C. § 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise

appellate jurisdiction over state-court judgments[.]").  Federal review of claims is barred under

*Rooker-Feldman* when four requirements are satisfied:  (1) the federal court plaintiff lost in state

court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff

invites the federal court to review and reject that judgment; and (4) the state court judgment was

rendered prior to the commencement of proceedings in the district court.  *See Exxon Mobil*

*Corp.*, 544 U.S. at 284.

Here, each of these conditions is satisfied:  (1) A default judgment was entered against

Plaintiff and an eviction notice was issued; (2) Plaintiff's injury—eviction—was caused by that

state court judgment; (3) Plaintiff specifically requests that this Court vacate the default

judgment and eviction notice, which would require the Court's review of the state court

judgment; and (4) the state court default judgment and eviction notice were rendered before

Plaintiff brought this suit, as the default judgment was entered on October 15, 2025 and the

notice of eviction was issued December 2, 2025.  Accordingly, Plaintiff's claims challenging the

state court default judgment and eviction notice are squarely barred by the *Rooker-Feldman*

doctrine and the Court lacks subject matter jurisdiction.  *See, e.g., Exxon Mobil Corp.*, 544 U.S. at 291; *Bey v. Ferdinand*, No. 24-cv-6684, 2025 WL 1505041, at *4 (S.D.N.Y. May 21, 2025) (*Rooker-Feldman* bars federal district court from rejecting or overturning a final state housing court decision ordering an eviction after a holdover proceeding); *McMillan v. Dep't of Bldgs.*, No. 12-cv-00318, 2012 WL 1450407, at *2 (E.D.N.Y. Apr. 26, 2012) (federal court lacks jurisdiction over eviction proceedings); *Southerland v. NYCHA.,* No. 10-cv-05243, 2011 WL 73387, at *2 (E.D.N.Y. Jan. 7, 2011) (same).  And while Plaintiff brings this action under 42 U.S.C. § 1983 for violations of her constitutional rights, she "may not overcome the Rooker-Feldman doctrine and seek a reversal of a state court judgment simply by casting [her] complaint in the form of a civil rights action."  *Saldarriaga v. Coffin*, No. 20-cv-3529, 2023 WL 7000937, at *4 (E.D.N.Y. Mar. 9, 2023).  Accordingly, the Complaint must be dismissed.[4]

## II.    Leave to Amend

Although a *pro se* plaintiff ordinarily should be granted "leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," a court may deny such leave "when amendment would be futile."  *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009); *Hassan v. U.S. Dep't of Veterans Affs.*, 137 F. App'x 418, 420 (2d Cir. 2005).  Here, amendment would be futile, as Plaintiff's claims are barred by the *Rooker-Feldman* doctrine.  *See Yanping Xu v. Suffolk Cnty.*, No. 19-cv-1362, 2020 WL 3975471, at *8 (E.D.N.Y. July 14, 2020) (leave to amend futile where claims were barred by the *Rooker-Feldman* doctrine).

---

[4]    Separately, Plaintiff's claims against any housing court judges and officers are barred by judicial immunity.  *See, e.g., Ferdinand*, 2025 WL 1505041, at *5 (S.D.N.Y. May 21, 2025) (explaining that judicial immunity applies to housing court judges and clerks for any actions arising from their actions or rulings in housing court proceedings).

## <u>CONCLUSION</u>

For the reasons set forth above, the action, filed *in forma pauperis*, is dismissed without prejudice for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  The Clerk of Court is respectfully directed to enter judgment and close this action.  The Clerk of Court is also directed to mail a copy of this Order to *pro se* Plaintiff and note the mailing on the docket.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
       January 22, 2026

5